**ORIGINAL**

# In the United States Court of Federal Claims

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**STEVEN E. EDWARDS,**

        **Plaintiff,**

    v.

**UNITED STATES,**

        **Defendant.**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 17-1038C
Filed: August 4, 2017

**FILED**
AUG -4 2017
U.S. COURT OF
FEDERAL CLAIMS

## O R D E R

    The court is in receipt of pro se plaintiff's submission to the United States Court of Federal Claims on July 31, 2017. In addition, on July 31, 2017, the pro se plaintiff submitted an application to proceed in forma pauperis. On the application to proceed in forma pauperis, plaintiff first indicates that he is not incarcerated, however, plaintiff also submitted a prisoner authorization form, which states in part:

    By signing below, I acknowledge that:

    1.    because I filed this action as a prisoner, I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

    2.    if I am granted IFP status, the $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

(footnote omitted). Plaintiff signed the prisoner authorization form on July 27, 2017, four days before filing his complaint. In addition, the application to proceed in forma pauperis and the prisoner authorization form list as the case number: 1:05CR265-1, and as the Judge: Osteen, both of which are not relevant to this court.[1]

    To proceed with a civil action in this court, a prisoner must either pay $400.00 in fees—a $350.00 filing fee plus a $50.00 administrative fee—or request authorization to proceed in forma pauperis, and submit a Prisoner Authorization Form. See 28 U.S.C. §§ 1914, 1915 (2012). When the person submitting a request to proceed in forma pauperis

---

[1] The court notes that for the cover sheet to the complaint, plaintiff likewise listed the case number as the 1:05CR265-1, and the judge's name as Osteen.

7012 3460 0001 7791 8125

is a prisoner, 28 U.S.C. § 1915(a)(2) requires that the prisoner submit, along with the affidavit required by subsection (a)(1), a certified copy of:

> [T]he trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2); see also Matthews v. United States, 72 Fed. Cl. 274, 277 (2006), recons. denied 73 Fed. Cl. 524 (2006). In the affidavit required under 28 U.S.C. § 1915(a)(1), a prisoner must further "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff submitted his complaint to the court without paying the $400.00 filing fee or submitting the trust fund account statement with his application to proceed in forma pauperis, if he is still incarcerated. As a result of this deficiency with plaintiff's submission to the court, the above-captioned case is **DISMISSED**, without prejudice.[2] If plaintiff, as it appears from his complaint, is not a prisoner and plaintiff wishes to refile his complaint in this court, plaintiff should not include a prisoner authorization form with his application to proceed in forma pauperis.

The court notes that to the extent plaintiff is complaining about an earlier criminal case, his plea agreement, and his subsequent incarceration, this court lacks jurisdiction to adjudicate those claims. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) (holding that "this court does not have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts.") (internal citations omitted); Mendes v. United States, 88 Fed. Cl. 759, 762, appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); Matthews v. United States, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), recons. denied, 73 Fed. Cl. 524 (2006); McCullough v. United States, 76 Fed. Cl. 1, 4 (2006) (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), appeal dismissed, 236 F. App'x

---

[2] Regarding a prior case plaintiff filed in the United States Court of Federal Claims, plaintiff states in his complaint in the above captioned case, "[o]n December 11, 2013 I filed an application to proceed in a forma [sic] pauperis. This alone proves Judge Wheeler knew some or all of my accusations were proven in my civil rights complaint and a lot of things that had been done to me by the United States of America through this Documents was done illegally or incorrectly." The court notes that the mere filing of an application to proceed in forma pauperis does not prove the merits of plaintiff's earlier case. Nor does the fact that Judge Wheeler, in the same opinion dismissing plaintiff's case for lack of subject matter jurisdiction, granted plaintiff's application to proceed in forma pauperis demonstrate that Judge Wheeler agreed with plaintiff's accusations against the government or that his current application to proceed in forma pauperis is valid.

2

615 (Fed. Cir.), <u>reh'g</u> <u>denied</u> (Fed. Cir.), <u>cert.</u> <u>denied</u>, 552 U.S. 1050 (2007). Therefore, in addition to considering how to correctly submit an application to proceed <u>in forma pauperis</u> in this court, plaintiff should review whether if this court is the proper forum for plaintiff to file his complaint.

**IT IS SO ORDERED**.

**MARIAN BLANK HORN**
**Judge**